UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, ) <br> d/b/a U.S. BANCORP EQUIPMENT ) <br> FINANCE, INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> HAYDEN EQUIPMENT, LLC and ) <br> RUSSELL HAYDEN, individually, ) <br> ) <br> Defendants. ) | Case No. 4:12CV01183 AGF |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff U.S. Bank National Association d/b/a U.S. Bancorp Equipment Finance, Inc.'s ("U.S. Bank") motion for default judgment against Defendants Hayden Equipment, LLC ("Hayden Equipment") and Russell Hayden ("R. Hayden") (collectively referred to as the "Defendants"). For the following reasons, the motion for default judgment will be granted.

## BACKGROUND

Plaintiff filed this action on July 2, 2012 for breach of agreement against Hayden Equipment and breach of personal guaranty against R. Hayden. Hayden Equipment is a limited liability company and its members are R. Hayden and Justin Hayden.

The complaint alleges that Hayden Equipment breached its Distribution Finance Dealer Security Agreement (the "Agreement") with Plaintiff on May 31, 2009 by failing to make timely payments thereunder. Plaintiff further asserts that R. Hayden personally guaranteed Hayden Equipment's obligations under the Agreement and has failed to pay

the balance due. Plaintiff seeks actual damages in the amount of $392,334.18, plus interest, and attorneys' fees and costs from each Defendant.

The record reflects service of summons and the complaint on Hayden Equipment on July 26, 2012, and on R. Hayden on August 22, 2012. Defendants failed to file answers or other responsive pleadings within the time required by Federal Rule of Civil Procedure 12 and, on November 5, 2012, the Clerk of Court entered default against them.

In its motion for default judgment, Plaintiff requests a total award against Hayden Equipment and R. Hayden, jointly and severally, including the remaining account balance of $368,084.18; prejudgment interest in the amount of $225,084.80, accrued at the rate of 18% per annum from May 31, 2009 until October 22, 2012; and $6,240.31 in attorneys' fees and costs. In support of its motion, Plaintiff filed the affidavit of Sarah Vatterott Minton, one of Plaintiff's attorneys at Jenkins & Kling, P.C., stating that it is her belief, after review of various public records, that R. Hayden is not a minor or an incompetent person. (Ex. B.) Plaintiff also filed the affidavit of Brenda O'Toole, a Litigation Specialist at U.S. Bank, in support of its damages calculation stating that she reviewed U.S. Bank's file in this matter and determined it to be accurate. (Ex. C.) Attached to her affidavit, Plaintiff includes a copy of the Agreement and the personal guarantee. (Exs. C-1 & C-2.) In support of its request for attorneys' fees, Plaintiff filed the affidavits of both Jennifer S. Burt, an attorney at Askounis & Darcy, PC, and Michael P. Stephens, an attorney at Jenkins & Kling, P.C., together with time sheets detailing the attorney time. (Group Ex. D.)

## **DISCUSSION**

Entry of default by the Clerk of Court pursuant to Federal Rule of Civil Procedure 55(a) is a prerequisite to the grant of a default judgment under Rule 55(b), but whether to

grant default judgment is a separate question within the discretion of the Court. *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998). After default has been entered, the defendant is deemed to have admitted all well-pleaded factual allegations in the complaint. *Marshall v. Baggett,* 616 F.3d 849, 852 (8th Cir. 2010); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation - other than one relating to the amount of damages - is admitted if a responsive pleading is required and the allegation is not denied."). However, while factual allegations in the complaint are generally taken as true, those allegations relating to the amount of damages must be proven. *Stephenson v. El-Batrawi*, 524 F.3d 907, 916-17 (8th Cir. 2008)*; Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001).

The record shows that in the event of default, U.S. Bank is entitled to payment of the entire remaining balance, interest in the amount of 18% per annum, from May 31, 2009 until October 22, 2012, and legal expenses and reasonable attorneys' fees. (Ex. C-1 ¶¶ 4.1 & 4.2.) Hayden Equipment defaulted on the Agreement on May 31, 2009, at which time the account balance was $392,334.18. The record further reflects payments in the amount of $24,250.00, reducing the judgment balance to $368,084.18. In addition to this judgment balance, Plaintiff is entitled to interest in the amount of 18% per annum, and legal expenses and reasonable attorneys' fees. Defendant is therefore also liable for these amounts. (Ex. C ¶ 12.) Further, the personal guarantee provides that R. Hayden "jointly and severally guarantees the full, prompt, complete and final payment" of Hayden Equipments obligations under the Agreement as well as U.S. Bank's reasonable attorneys fees and costs. (Ex. C-2 ¶¶ 1 &13.)

The Court concludes that Plaintiff has provided appropriate records and affidavits in support of an award for the actual damages sought, including prejudgement interest,

(Ex. C) and for attorney's fees. (Group Ex. D). The Court also concludes that the attorneys' fees requested should be awarded in full, as the billing rates of the firms do not exceed $250 per hour, a reasonable rate for the work performed, and the hours expended appear appropriate for the complexity of the case.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for default judgment is **GRANTED**. (Doc. No. 11.)

**IT IS FURTHER ORDERED** that Plaintiffs are entitled to a judgment in the full amount of $599,409.29, including the remaining balance on the account of $368,084.18, prejudgment interest in the amount of $225,084.80, and attorneys' fees in the amount of $6,240.31.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send a copy of this Order via regular and certified mail to Defendants at the following addresses: Hayden Equipment, LLC, 4358 W. Livery Lane, Springfield, MO 65802 and Russell Hayden, 5 Barbary Lane, St. Louis, Missouri, 63146.

A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 20th day of November, 2012.